UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Julie M. L.,

                Plaintiff,

v.                                                  1:20-CV-1828
                                                  (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH HILLER, ESQ.
 Counsel for Plaintiff                             MELISSA KUBIAK, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 MICHAEL CORONA, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 13.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**        **RELEVANT BACKGROUND**

### A.     Factual Background

Plaintiff was born in 1982.  (T. 144.)  She completed two years of college.  (T. 277.)  Generally, Plaintiff's alleged disability consists of carpal tunnel syndrome, back pain, depression, anxiety, post-traumatic stress syndrome ("PTSD"), asthma, migraines, and reflux.  (T. 276.)  Her alleged disability onset date is December 21, 2017.  (T. 144.)

### B.     Procedural History

On December 21, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 144.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October 10, 2019, Plaintiff appeared before the ALJ, Timothy Belford.  (T. 118-143.)  On December 16, 2019, ALJ Belford issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 28-28.)  On October 13, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-9.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 36-44.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 21, 2017.  (T. 36.)  Second, the ALJ found Plaintiff had the severe impairments of spine disorder, bilateral carpal tunnel syndrome ("CTS"), migraines, anxiety, and depression.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 37.)  Fourth, the ALJ found

Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except, she could occasionally climb ramps, stairs, and ladders. (T. 38.)[1]  The ALJ further determined Plaintiff could occasionally stoop, crawl, kneel, and crouch; frequently finger and handle bilaterally; have no more than occasional exposure to temperature extremes, humidity, pulmonary irritants, and vibration.  (*Id.*)  The ALJ concluded Plaintiff could perform simple, routine tasks with no more than occasional interaction with the public.  (*Id.*)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 43-44.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to support the physical RFC finding with substantial evidence. (Dkt. No. 9 at 13-17.)  Second, and lastly, Plaintiff argues the ALJ impermissibly based the RFC finding on his own lay interpretation of the medical evidence.  (*Id.* at 17-18.)  Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 12.)

### B.   Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

In response, Defendant makes two arguments. Defendant argues the ALJ properly determined Plaintiff's RFC based on the record as a whole, including medical source opinions. (Dkt. No. 11 at 17-26.)

## III.    RELEVANT LEGAL STANDARD

### B.    Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447. "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any

determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

    **C.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

**IV.**    **ANALYSIS**

Plaintiff argues the administrative findings of consultative medical sources Nikita Dave, M.D. and J. Poss, M.D. were stale and the ALJ erred in relying on the opinions in formulating the RFC. (Dkt. No. 9 at 13-18.) Plaintiff also argues, because the administrative findings were stale and the ALJ found the other medical opinion in the record to be unpersuasive, the ALJ impermissibly based the RFC finding on his own lay interpretation of medical evidence. (*Id.* at 18.)

5

**A. Administrative Findings of Consultative Medical Sources**

Plaintiff argues the administrative findings of the consultative examiners were rendered stale by subsequent surgeries and diagnosis. (Dkt. No. 9 at 13-18.)[2] Defendant argues the doctors rendered their opinions during the relevant period and, therefore, their opinions were not inherently "stale." (Dkt. No. 11 at 20 citing *Andrews v. Berryhill,* No. 17-cv-6368, 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (noting that an opinion rendered during the relevant period was not stale)). Here, subsequent medical evidence did not render the administrative findings stale, the ALJ considered all the evidence in the record in making his RFC determination, and Plaintiff fails to show that subsequent surgeries and diagnosis caused greater functional limitations.

On February 27, 2018, examining consultative source Dr. Dave examined Plaintiff and provided a medical source statement. (T. 383-388.) Dr. Dave opined Plaintiff "may need to avoid extremes of temperature and humidity, smoke, dust, fumes, inhalants, and chemicals due to asthma." (T. 387.) She further opined Plaintiff "may" have "mild to moderate limitations for repetitive fine and gross motor manipulation through the hands due to carpal tunnel syndrome." (*Id.*) Dr. Dave noted, however, "based on the brief evaluation, no limitations for fine motor manipulation was noted." (*Id.*) Dr. Dave further stated, with regard to Plaintiff's "low back pain," there were "no specific limitations." (*Id.*)

On April 17, 2018, Dr. Poss reviewed available evidence in the record and provided a medical source statement. (T. 154-156.) Dr. Poss reviewed Plaintiff's

---

[2] A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record. 20 C.F.R. § 416.913(a)(5).

written testimony, objective evidence including a 2017 EMG/NCS study, treatment at WNY Headache Care, and Dr. Dave's examination and findings.  (T. 155-156.)  Dr. Poss opined Plaintiff could perform the exertional demands of light work and had no non-exertional limitations.  (T. 154.)  Dr. Poss indicated Plaintiff should avoid concentrated exposure to extreme cold and heat, wet, humidity, noise, vibration and fumes, odors, dusts, gases, poor ventilation.  (T. 154-155.)

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).  Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).

In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition.  *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155 (W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)).  Moreover, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

In support of her assertion, Plaintiff cites evidence of subsequent bilateral carpal tunnel surgery, new diagnosis of gastroesophageal reflux, and recommended lumbar surgery (Dkt. No. 9 at 14-15); however, subsequent surgeries and new diagnosis do not, alone, render opinions stale. The evidence provided after the administrative findings do not "directly contradict" the opined limitations and the ALJ analyzed the subsequent evidence cited by Plaintiff. *Blash*, 813 F. App'x at 644. In addition, Plaintiff bears the burden at step four and must show that her physical condition deteriorated after the medical opinions were provided. *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021). Although Plaintiff asserts her subsequent carpal tunnel release surgery and deteriorating conditions rendered the opinions stale, Plaintiff fails to provide evidence establishing greater functional limitations after surgery. (Dkt. No. 9 at 15.)

Plaintiff also appears to argue the ALJ misstated the record in concluding Plaintiff had a "good result" from bilateral carpal tunnel release surgy. (Dkt. No. 9 at 16.) In consideration of Plaintiff's carpal tunnel syndrome, the ALJ noted Plaintiff had "little benefit[]" from injections and surgery was appropriate. (T. 40.) The ALJ summarized the treatment record, noting that in August 2019, Plaintiff had bilateral carpal tunnel release surgery and follow up treatment indicated she was "doing well" with her right wrist, with no symptoms aside from some residual numbness in her left pinky and ring finger. (*Id.*) In his assessment of medical opinion evidence, the ALJ again noted Plaintiff's August 2019 bilateral carpal tunnel release surgery with "a good result." (T. 42.)

The ALJ did not misstate the record.  Indeed, in August 2019 Plaintiff underwent carpal tunnel release.  (T. 615.)  At a follow up visit, Plaintiff reported she was "doing well." (T. 642.)  Plaintiff further reported "numbness in the bilateral hands is better," she "denie[d] any numbness in the right hand," and she reported "some numbness in the left small and ring finger." (*Id.*)  Examination of her right hand and wrist was normal.  (T. 643.)  Examination of her left hand and wrist showed intact sensation, Tinel sign of the ulnar positive at the elbow, and no gross ulnar nerve subluxation upon flexion of the elbow.  (*Id.*)  She was informed to weight bear as tolerated and was given a prescription for occupational therapy.  (T. 644.)[3]

In evaluating the evidence in the record, the ALJ discussed the prior administrative findings, as well as evidence of subsequent surgeries, imaging, diagnosis, and treatment in general.  Plaintiff fails to prove that the subsequent evidence provided greater functional limitations than found by the ALJ.  In addition, the ALJ did not misstate evidence in the record of Plaintiff's response to surgery. Therefore, the administrative findings of the consultative medical sources were not rendered stale by subsequent evidence in the record.

### B.  RFC Determination

In general, Plaintiff argues the ALJ committed legal error in formulating the physical RFC without a functional assessment from a medical source.  (Dkt. No. 9 at 13-18.)  Plaintiff asserts the administrative findings of the consultative examiners were stale

---

[3] Plaintiff argues her surgeon noted in September 2019 Plaintiff continued to have limited ability to complete activities of daily living and her pain impeded her ability to engage in functional activities. (Dkt. No. 9 at 16 citing T. 649.)  Plaintiff misstates the record.  In September 2019, an occupational therapist noted Plaintiff's subjective complaints of pain and limitations in her report.  (T. 649.)  The surgeon signed the report noting he "agree[d] with the above stated goals and planned intervention," not that he opined to or endorsed any limitations.  (T. 650.)

and the ALJ "rejected" the opinion of a treating source, and therefore there were no medical assessments in the record for the ALJ to base the RFC determination on.  (*Id.* at 18.)[4]  Here, the ALJ did not commit legal error in forming an RFC absent a medical opinion.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. § 416.945(a)(1).  "[A]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ."  *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 49 n.3 (2d Cir. 2021).  In making the RFC determination, the ALJ must consider all relevant medical and other evidence, including medical opinions and prior administrative medical findings.  *See* 20 C.F.R. §§ 416.920c, 416.945(a)(3), 416.946(c).  The ALJ has the discretion to resolve genuine conflicts in the evidence.  *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (finding it is the Commissioner's role to evaluate the conflicting evidence in the record); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence.").  Further, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [plaintiff's] medical sources."  20 C.F.R. § 416.920c.

An RFC determination is not fatally flawed if formulated absent a medical source statement.  The Second Circuit has concluded that, "[e]ven where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources

---

[4] Plaintiff does not argue the ALJ erred in his evaluation of medical source, Michael Slater, D.O.  (*See generally* Dkt. No. 9.)

cited in her decision, []the ALJ was entitled to [evaluate] the evidence available to make a residual functional capacity finding that was consistent with the record as a whole." *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (citing *Schaal*, 134 F.3d at 504); *accord Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). In so doing, the Second Circuit has ruled that an ALJ does not draw his own conclusions or base the RFC determination on his own lay opinion; instead, he considers "the medical and other relevant evidence in the record in its totality to reach an RFC determination." *Curry*, 855 F. App'x at 49, n.3 (citations omitted).

The Second Circuit has held that the RFC finding "need only afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (internal quotation marks and brackets omitted) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). The ALJ's written analysis provided adequate basis for meaningful judicial review, the ALJ applied the proper legal standards, and his physical RFC determination was supported by substantial evidence in the record. In support of the RFC assessment, the ALJ cited a variety of evidence, including the relatively normal findings on physical examination throughout the record, the diagnostic testing related to her hands and spine, as well as Plaintiff's treatment. (T. 39-41.) The ALJ also considered, and relied in part on, the opinion of Dr. Nikita Dave who performed an internal medicine examination at the agency's request, and the prior administrative medical findings of State agency medical consultant Dr. J. Poss. (T. 42-43.) The ALJ's RFC finding accounted for all the limitations identified by Drs. Dave and Poss. Therefore, Plaintiff's

request for remand for development of an RFC that is based on assessments from medical sources rather than the ALJ's "own surmise" (Dkt. No. 9 at 18), is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 6, 2022

_____
William B. Mitchell Carter
U.S. Magistrate Judge